[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a suit seeking compensatory and exemplary damages for an alleged wrongful termination of employment. The plaintiff, Dale Cunningham, is a former employee of the defendant, the Connecticut General Life Insurance Company (CGLIC). The plaintiff's employment as a regional vice president in the retirement sector was terminated on or about February 17, 1995, approximately five and a half months after he began to work for the defendant. CT Page 12235
The plaintiff filed an amended complaint dated March 5, 1996, which contained six counts. In the first count, the plaintiff alleges a breach of contract in that when he was first hired by the defendant he was assured that "he would be able to continue his employment absent just cause for termination." The plaintiff further alleges that he was terminated for "the unauthorized disclosure to Thomas Jackson . . ., a prospective employee, of salary and sales performance data relating to other employees within the sales department" The plaintiff claims that his discharge "was without just cause in that the plaintiff had been expressly authorized to divulge this information to Jackson as part of the recruiting process.
In the second count of the complaint, the plaintiff claims that he relied to his detriment on the defendant's "implied and express promise to terminate only for just cause." The plaintiff contends in the third count that the defendant breached the implied covenant of good faith and fair dealing in that he had received authorization to divulge confidential information to Jackson, and that the real reason for his termination was a desire on the part of the defendant to reduce staff and save money. In the fourth count, the plaintiff alleges that the defendant made "negligent misrepresentations" by failing to inform him of the defendant's position regarding disclosure of confidential information. In the fifth count, the plaintiff claims that the defendant's position regarding such disclosure had been "knowingly or recklessly" misrepresented to him. In the sixth count, the plaintiff contends that he was defamed because while seeking a job with another company the defendant advised a prospective employer that the plaintiff's employment had been terminated "for harassing other employees."
In its answer to the amended complaint, the defendant denied that it had assured the plaintiff that "his employment with Defendant would be secure and the allegation that he would be able to continue his employment absent just cause for termination."
The case was heard as a bench trial and the parties agreed that the trial would be bifurcated to determine first whether the plaintiff was an employee at will or, on the other hand, a contract employee whose employment could be terminated only for "just cause." The plaintiff and the defendant agreed that if the plaintiff was in fact an employee at will, he could be terminated for any reason not involving a violation of public policy. It was further agreed that the termination of the plaintiff's employment did not involve a recognized public policy. Thus, the issue is whether the plaintiff was an employee at will.
The plaintiff contends that an implied contract was created by certain CT Page 12236 oral representations made to him at the time he was hired by the defendant. Specifically, the plaintiff claims that Mr. F. C. Castellani, a senior vice president, assured him that if the plaintiff did a good job, his employment would continue until "full retirement." The plaintiff quoted Mr. Castellani as also stating that he would have to "damn near commit a felony" to be terminated. Mr. Castellani, who is no longer employed by the plaintiff, denied that he ever promised a fixed period of employment or that the plaintiff could be fired for just cause only, and I find his testimony at the trial on this issue to be more credible than that of the plaintiff.[1]
It is axiomatic that "contracts of permanent employment, or for an indefinite term, are terminable at will." Sheets v. Teddy's FrostedFood, Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980). "Absent unusual circumstances, we will interfere with a personnel decision only if it implicates an explicit statutory or constitutional provision, or judicially conceived notion of public policy." Daley v. Aetna Life Casualty Co., 249 Conn. 766, 803, 734 A.2d 112 (1999).
The evidence in this present case is convincing that the plaintiff was an employee at will and therefore his employment could be terminated for any reason or no reason at all, and that a finding of just cause for his termination was not required. There are three separate reasons for this conclusion. The first is the written job offer contained in a letter dated August 2, 1994 sent by Mr. Castellani offering the plaintiff a position with the defendant. This letter provided in pertinent part that the defendant could not give the guaranteed employment that the plaintiff was seeking.[2] Second, on August 29, 1994, the day the plaintiff began his employment with the defendant, the plaintiff signed an employee application form which provided that he was not entitled to a guaranteed term of employment.[3] Third, the plaintiff was furnished an employee handbook or manual which provided, among other things, that an employee could be terminated for any reason.[4]
For these reasons, the court finds that the plaintiff was an employee at will, and hence could be terminated for any reason other than one violating a public policy. There was no such violation either claimed or proved in this case, and hence the plaintiff has failed to prove he is entitled to any damages arising from the termination of his employment. Accordingly, judgment enters in favor of the defendant.
Costs are to be taxed by the office of the chief clerk in favor of the defendant in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered. CT Page 12237
Dated at Stamford, Connecticut, this 2nd day of October, 2000.
William B. LewisJudge Trial Referee